PETE ZACKERY

*v.*

SWCC *and* FRANK SOVASTION, *et al.*

(No. 14287)

PAUL P. SHUFF

*v.*

SWCC *and* CEDAR COAL CO., *et al.*

(No. 14282)

Decided April 10, 1979.

*Allan N. Karlin* for appellants.

*No appearance for appellees SWCC and Sovastion, et al., 14287.*

*K. Paul Davis, Davis & Nesius,* for appellees SWCC and Cedar Coal Co., et al.

HARSHBARGER, JUSTICE:

These are appeals from orders of the Workmen's Compensation Appeal Board denying appellants, Paul P. Shuff and Pete Zackery, the presumption in Code 23-4-8c(b):

"If it can be shown that the claimant or deceased employee has been exposed to the hazard

of inhaling minute particles of dust in the course of and resulting from his employment for a period of ten years during the fifteen years immediately preceding the date of his last exposure to such hazard and that such claimant or deceased employee has sustained a chronic respiratory disability, then it shall be presumed that such claimant is suffering or such deceased employee was suffering at the time of his death from occupational pneumoconiosis which arose out of and in the course of his employment. This presumption shall not be conclusive."

Mr. Shuff was determined to be eligible for benefits by the Workmen's Compensation Commissioner. Cedar Coal Company appealed the ruling and the Appeal Board reversed the order insofar as it determined that claimant had been exposed to the hazards of occupational pneumoconiosis in West Virginia for a period of ten years during the fifteen years immediately preceding the date of last exposure.

Mr. Zackery's claim for benefits was denied by the commissioner, and the order was upheld by the Appeal Board. The Board held that the claimant was not exposed to the hazards *in West Virginia* for ten of the fifteen years immediately preceding his last exposure.

It read into Code 23-4-8c(b) the language of 23-4-15b:

If a claim for occupational pneumoconiosis benefits be filed by an employee within three years from and after the last day of the last continuous period of sixty days exposure to the hazards of occupational pneumoconiosis, the commissioner shall determine whether the claimant was exposed to the hazards of occupational pneumoconiosis for a continuous period of not less than sixty days while in the employ of the employer within three years prior to the filing of his claim, whether *in the State of West Virginia* the claimant was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure thereto and whether the

claimant was exposed to such hazard over a period of not less than ten years during the fifteen years immediately preceding the date of his last exposure thereto. If a claim for occupational pneumoconiosis benefits be filed by an employee within three years from and after the employee's occupational pneumoconiosis was made known to him by a physician or otherwise should have reasonably been known to him, the commissioner shall determine whether the claimant filed his application within said period and whether *in the State of West Virginia* the claimant was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure thereto and whether the claimant was exposed to such hazard over a period of not less than ten years during the fiteen years immediately preceding the date of last exposure thereto. . . . The commissioner shall also determine such other nonmedical facts as may in his opinion be pertinent to a decision on the validity of the claim. . . . [Our emphasis]

Code 23-4-15b deals with nonmedical determinations by the commissioner. It is a procedural statute requiring the commissioner to make certain findings affecting his jurisdiction. Code 23-4-8c establishes the role of the Occupational Pneumoconiosis Board. Part (b) creates a presumption aiding medical proof of occupational pneumoconiosis. It applies only after the commissioner has made his nonmedical findings that claimant has met the time requirements of 23-4-15b.

We cannot read into 23-4-8c(b) words it does not have. Its meaning is clear and requires neither interpretation nor *in pari materia* contortion by inserting in it ". . . in the State of West Virginia" to change the ten-year medical presumption it creates. To do so would contradict "the axiom that the Workmen's Compensation Act is remedial and should be liberally construed in favor of the injured workman [citations omitted]." *Dunlap v. State Workmen's Compensation Comm'r*, W. Va., 232 S.E.2d 343, 345 (1977). The construction given by the Appeal

Board to Code 23-4-8c(b) ignored this rule which has been consistently followed by this Court.

Further, we cannot agree that even 23-4-15b's ten years must be in West Virginia. Our impression is that if any *in pari materia* interpretation occurred between the two sections, it would be required for interpretation of 23-4-15b—which is not nearly as clearly written as 23-4-8c(b)—and could result in limiting the "in . . . West Virginia" requirement to the "two-in-ten" clause in 23-4-15b.*

*Reversed and remanded.*

---

* ". . . [A]s in the case of all other rules of statutory construction, the necessity of applying the rule [that acts *in pari materia* should be construed and compared with each other] . . . exists only where the terms of the statute to be construed are ambiguous, or its significance doubtful." 73 Am. Jur. 2d, *Statutes* § 187 (1974). *See also: State v. Epperly*, 135 W. Va. 877, 65 S.E.2d 488 (1951).