318 S.E.2d 460

**Walter BUCHANAN**

v.

**WORKERS' COMPENSATION COM-MISSIONER and Owens-Corning Fiberglass.**

**No. 16096.**

Supreme Court of Appeals of West Virginia.

July 12, 1984.

Walton Auvil, Assoc. Atty., Sherl F. Shinaberry, Charleston, for appellant.

Roy D. Baker, Jr., Wood, Grimm & Delp, Huntington, for appellees.

MILLER, Justice:

This is an appeal from an order of the Workers' Compensation Appeal Board dated November 9, 1983, which affirmed the State Workers' Compensation Commissioner's ruling rejecting Walter Buchanan's application for occupational pneumoconiosis benefits on the ground that the claimant was not exposed to the hazards of the disease for the statutory period. For the reasons set forth below, we reverse.

On June 5, 1980, the claimant filed an application for occupational pneumoconiosis benefits, accompanied by a physician's report with a medical diagnosis of asbestosis.[1] On December 30, 1980, the Commissioner found that the record presented insufficient evidence that claimant had been exposed to the hazards of occupational pneumoconiosis and ordered hearings on a number of nonmedical issues.[2]

At the hearings the only testimony taken on these questions was from the claimant who testified that he had worked in the asbestos industry since 1953. He stated that during the period between 1954 and 1970, he worked at several jobs in West Virginia that required exposure to asbestos insulating material. From 1970 to 1973, the claimant was employed by seven different employers in West Virginia performing duties that involved asbestos.

In 1973 he was employed by Brand Insulation at the John Amos Power Plant in St. Albans, West Virginia, for nine months. The claimant had no employers in West Virginia in 1974. In August and September of 1975, he was employed by Ohio Valley Insulating Company in Gallipolis Ferry, West Virginia; from October to December of that year, he was again employed by Brand Insulation Company. Fi-

---

1. W.Va.Code, 23–4–1, includes asbestosis in the definition of occupational pneumoconiosis.

2. The nonmedical issues included the following:
   "1. Was the claimant exposed to the hazards of Occupational Pneumoconiosis while in the employ of [various] companies?
   "2. Was the exposure for a continuous period of sixty days or more?
   "3. Was the exposure continuous for at least two years in ten years immediately pre-

ceding the date of last exposure; or for any five of the fifteen years immediately preceding the date of such exposure?
   "4. Was the claimant exposed for as much as ten years during the fifteen year period preceding the date of his last exposure?
   "5. Was the claimant's application filed within three years from the date his occupational pneumoconiosis was first made known to him by a physician?"

nally, the claimant testified that he was employed by appellee, Owens-Corning Fiberglass, for the entire twelve months of 1976. He had no West Virginia employers in 1977, but worked with asbestos for approximately three months in 1978. Regarding the timeliness of his claim, the claimant testified that a physician first informed him that he had occupational pneumoconiosis in 1977.

On the basis of the claimant's testimony at the hearings, the Commissioner, by order dated October 1, 1982, rejected the claimant's application for benefits on the grounds that it was not timely filed and that the claimant had failed to establish that he had been exposed to the hazards of occupational pneumoconiosis for the requisite statutory period. The claimant appealed this ruling to the Workers' Compensation Appeal Board on the factual question of whether the evidence disclosed exposure for the required statutory period.

The Appeal Board found that the claimant's application had been timely filed,[3] but affirmed the Commissioner's nonmedical findings on the exposure question. The Board used two criteria to determine whether claimant had the exposure necessary to make him eligible for occupational pneumoconiosis benefits: first, whether the claimant had been exposed for "two continuous years for employers in West Virginia during the last ten years preceding the date of last exposure;" and second, whether the claimant was exposed for "ten years out of the last fifteen years preceeding [sic] the date of last exposure."

The initial exposure criteria for disability benefits for occupational pneumoconiosis are found in W.Va.Code, 23–4–1, which reads in material part:[4]

"Provided, that compensation shall not be payable for the disease of occupational pneumoconiosis, or death resulting therefrom, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of his last exposure to such hazards, or for any five of the fifteen years immediately preceding the date of such last exposure."

The Appeal Board held that the claimant was required to prove that he was exposed for ten of the last fifteen years preceding the date of last exposure, but W.Va.Code, 23–4–1, contains no such requirement for eligibility. The Board apparently relied on certain provisions of W.Va.Code, 23–4–15b (1971),[5] which is a composite statute containing the various nonmedical determinations that the Workers' Compensation Commissioner must make when a claim for occupational pneumoconiosis benefits is filed. Some of these nonmedical findings do not relate to exposure eligibility standards for the claimant.

The determination in W.Va.Code, 23–4–15b, of "whether the claimant was exposed to such hazard over a period of not less than ten years during the fifteen years

---

3. The Appeal Board's finding was that the claimant's application was filed within three years after he knew, or reasonably should have known, of his condition of occupational pneumoconiosis. *See* W.Va.Code, 23–4–15 (1973).

4. A number of our cases discussing silicosis or occupational pneumoconiosis claims begin by pointing to the exposure requirements of W.Va. Code, 23–4–1. *E.g.*, Syllabus Point 1, *Maynard v. State Workmen's Compensation Commissioner*, 161 W.Va. 21, 239 S.E.2d 504 (1977); *Rogers v. State Compensation Commissioner*, 140 W.Va. 376, 84 S.E.2d 218 (1954); *Richardson v. State Compensation Commissioner*, 137 W.Va. 819, 74 S.E.2d 258 (1953).

5. The relevant portion of W.Va.Code, 23–4–15b (1971), states:

"If a claim for occupational pneumoconiosis benefits be filed by an employee within three years from and after the employee's occupational pneumoconiosis was made known to him by a physician or otherwise should have reasonably been known to him, the commissioner shall determine whether the claimant filed his application within said period and whether in the State of West Virginia the claimant was exposed to such hazard over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure thereto and whether the claimant was exposed to such hazard over a period of not less than ten years during the fifteen years immediately preceding the date of last exposure thereto."

immediately preceding the date of his last exposure" is not an exposure eligibility requirement. We pointed out in *Zackery v. SWCC*, 162 W.Va. 932, 253 S.E.2d 532 (1979), that this provision in W.Va.Code, 23–4–15b, is derived from W.Va.Code, 23–4–8c(b),[6] which creates a presumption that a claimant has occupational pneumoconiosis if he has sustained a chronic respiratory disability and has been exposed to the hazard of inhaling minute particles of dust during ten years out of the fifteen-year period: "*Code*, 23–4–8c establishes the role of the Occupational Pneumoconiosis Board. Part (b) creates a presumption aiding medical proof of occupational pneumoconiosis. It applies only after the commissioner has made his nonmedical findings that claimant has met the time requirements of 23–4–15b." 162 W.Va. at 934, 253 S.E.2d at 533.

We again emphasize that the language in W.Va.Code, 23–4–15b, as to whether the claimant was exposed over a period of not less than ten years during the fifteen years immediately preceding the date of his last exposure, is a nonmedical finding that the Commissioner is required to make in order to determine if the claimant is entitled to the presumption created in W.Va.Code, 23–4–8c(b). It does not place an eligibility requirement for benefits on the claimant as the Appeal Board concluded.

It should also be pointed out that by virtue of Chapter 134 of the 1976 Acts of the Legislature, W.Va.Code, 23–4–1, was amended to liberalize the exposure requirements by adding "or for any five of the fifteen years immediately preceding the date of such last exposure." However, W.Va.Code, 23–4–15b, was last amended in 1971 and, therefore, this nonmedical eligibility finding has not been included. It is obvious that because of the eligibility primacy of W.Va.Code, 23–4–1, a claimant is entitled to the benefit of the 1976 amendment to W.Va.Code, 23–4–1. The Commissioner appears to have recognized this fact in her hearing order on the nonmedical findings, *see* note 2, *supra*, and in her order rejecting the claimant's application for benefits.

Having in mind that the claimant's last exposure to the hazards was in 1978, if we take the fifteen years immediately preceding this date, as W.Va.Code, 23–4–1, commands, the claimant has, as the base period, 1978 to 1963 to show "any five years" of exposure. The record is not adequately developed in this area, and we, therefore, remand this case to the Commissioner to enable the parties to further develop the facts surrounding exposure.

Remanded.

---

6. W.Va.Code, 23–4–8c(b), states:

"If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his employment for a period of ten years during the fifteen years immediately preceding the date of his last exposure to such hazard and that such claimant or deceased employee has sustained a chronic respiratory disability, then it shall be presumed that such claimant is suffering or such deceased employee was suffering at the time of his death from occupational pneumoconiosis which arose out of and in the course of his employment. This presumption shall not be conclusive."