327 S.E.2d 413

**Terry L. SLUSS**

v.

**WORKERS' COMPENSATION COMMISSIONER and U.S. Steel Mining Company, Inc.**

**Ernest G. BARBER, Jr.**

v.

**WORKERS' COMPENSATION COMMISSIONER and U.S. Steel Mining Company, Inc.**

**Nos. 16457, 16458.**

Supreme Court of Appeals of West Virginia.

March 1, 1985.

S.F. Raymond Smith, U.M.W.A., Beckley, for appellants.

Kevin A. Nelson, Love, Wise & Woodroe, Charleston, for appellees.

BROTHERTON, Justice:

These cases are appeals from final decisions of the Workers' Compensation Appeal Board, which denied appellants, Terry L. Sluss and Ernest G. Barber, Jr., the presumption set out in W.Va.Code § 23–4–8c(b) (1981). In both cases, the State Workers' Compensation Commissioner found that the claimants were entitled to the presumption, and the Appeal Board reversed that finding. The Appeal Board held that each claimant failed to show ex-

posture to the hazard of inhaling minute particles of dust "for a period of ten years during the fifteen years immediately preceding the date of his last exposure," where time off due to illness, injuries, and United Mine Workers strikes reduced claimants' respective periods of exposure to less than ten years. We hold that the ten-year period specified in Code § 23–4–8c(b) is not reduced by brief periods of illness, injury, or strike, all of which are beyond a claimant's control. We, therefore, reverse the decisions of the Appeal Board, and reinstate the order of the Commissioner with respect to appellant Barber. The Sluss case presents an additional factual issue, which we remand to the Commissioner for determination.

Appellant, Terry L. Sluss, was employed by respondent, U.S. Steel, from March, 1972, to April, 1982, a total period of ten years and one month. During that time, he was absent from work for approximately seven months on account of United Mine Workers' contract strikes and approximately one month due to a kidney ailment. In addition, Sluss spent approximately nine months of his employment as a wireman, which involved working outside the mine and away from the coal face when inside.

Appellant, Ernest G. Barber, Jr., was employed by U.S. Steel from January, 1971, to April, 1982, a period of eleven years and three months. During that time, he was unemployed for approximately six months, which results in a period of potential exposure of ten years and nine months. In addition, Barber was absent from work for periods totalling almost six months on account of various illnesses and injuries, and was off for approximately seven months due to United Mine Workers' contract strikes. It is not disputed that Barber's employment involved exposure to coal dust.

In both cases, the Commissioner found, in relevant part, that the claimants had been exposed to the hazards of occupational pneumoconiosis over a period of not less than ten years during the fifteen years immediately preceding the date of last exposure thereto. This entitled both claimants to the presumption set out in W.Va. Code § 23–4–8c(b) (1981), which provides:

> If it can be shown that the claimant or deceased employee has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his employment for a period of ten years during the fifteen years immediately preceding the date of his last exposure to such hazard and that such claimant or deceased employee has sustained a chronic respiratory disability, then it shall be presumed that such claimant is suffering or such deceased employee was suffering at the time of his death from occupational pneumoconiosis which arose out of and in the course of his employment. This presumption shall not be conclusive.

The employer appealed, and the Appeal Board in both cases reversed that portion of the Commissioner's orders on account of the absences noted above.

The statute requires exposure "for a period of ten years." There is no requirement that the period be continuous and the respondents do not urge such a position in this case. Their only contention is that the period of exposure should be reduced by extended absences from work, because the claimants were not exposed to dust during those periods.

Although respondents' argument has considerable logical appeal, we believe that a rule that reduced a claimant's period of exposure by brief periods of time off work for illness, injury, and contract strikes would require a technical reading of the statute that was not intended by the legislature. The statutory presumption reflects the high probability that exposure to dust over an extended period will cause respiratory disease. Without the benefit of legislative history or medical evidence, we cannot be certain how closely ten years corresponds to the actual incidence of disease. It appears to be based on a medical fact, but necessarily involves a relatively arbitrary time period. "Exposure," strictly read, would require a showing that the claimant was exposed to dust on 3,650 days, excluding weekends, vacations, etc.

At the other extreme, "exposure" might require mere employment status at a mine site or other dusty location. The former position would pose an administrative nightmare, and certainly was not intended by the legislature. Similarly, we have eschewed the latter position by holding that a "hazard," as contemplated by the statute, depends on a showing that minute particles of dust exist in abnormal quantities in the work area. *See Meadows v. Workmen's Compensation Comm'r*, 157 W.Va. 140, 144–45, 198 S.E.2d 137, 139 (1973). Our interpretation of the legislative intent in this case adopts a middle ground, recognizing that brief absences for illness, injury and strikes are common incidents of employment as a coal miner. Our decision necessarily is confined to the facts before us, and should not be read to say that a more prolonged absence for any of these reasons would never deprive a claimant of the benefit of the presumption.

This Court consistently has held that the remedial provisions of the Workers Compensation statute are to be construed liberally in favor of the claimant. *See, e.g., Sisk v. State Workmen's Compensation Comm'r*, 153 W.Va. 461, 469, 170 S.E.2d 20, 25 (1969). This rule of liberality was applied specifically to the § 23–4–8c(b) presumption in *Zackery v. State Workmen's Compensation Comm'r*, 162 W.Va. 932, 253 S.E.2d 532 (1979). In that case, the Court reversed an Appeal Board order that required ten years of exposure solely within the State of West Virginia. 162 W.Va. at 934–935, 253 S.E.2d at 534.

In a related context, this Court considered the phrase "continuous period" of exposure found in W.Va.Code § 136–4–15 (1949), the predecessor of Code § 23–4–15 (1981). *See Richardson v. State Compensation Comm'r*, 137 W.Va. 819, 74 S.E.2d 258 (1953). There, the Court said:

> The phrase "continuous period" or word "continuous" as used in the statutory provisions, means reasonable continuity, when related to conditions surrounding the employee's exposure to the hazard of the disease silicosis. To give the phrase or word a literal meaning and require an uninterrupted period of 2 years in one instance and an interrupted period of 60 days in the other, whichever the case may be, would require that before an employee could be eligible for compensation benefit on account of silicosis, that he should have worked on Sundays, holidays, during periods of temporary illness and work stoppages, beyond the employee's control. If such interruptions occurred, the continuity of the exposure to the hazard of silicon dioxide dust would be interrupted.

137 W.Va. at 826, 74 S.E.2d at 262. Although we are mindful of the difference between the § 23–4–15b requirements, which are jurisdictional, and § 23–4–8c, which is a procedural statute requiring the Commissioner to make certain nonmedical findings, we believe that the Court's practical approach to defining "continuous period" in the *Richardson* case nevertheless is helpful in defining "period of ten years" in this case.

■ Based on our interpretation of the legislative intent, and in accord with the rule of liberality, we hold that the ten-year period required to invoke the § 23–4–8c(b) presumption is not reduced by brief absences from work on account of illness, injury, or contract strikes, which are beyond the control of the claimant.

■ Our holding with regard to absences from work does not mean, however, that mere employment status for a cumulative period of ten years will suffice to invoke the presumption. The statute requires a showing that the claimant has been exposed to the hazard of inhaling dust particles for the ten-year period. It necessarily follows that employment at a coal mine, but in a capacity not involving exposure to coal dust, would not count toward the ten-year total. In this appeal, the employer raises for the first time the issue of whether claimant Sluss's employment as a wireman, which lasted approximately nine months, involved exposure to coal dust. This issue was not fully developed in the administrative proceedings, and was not addressed in either the Commissioner's nonmedical findings or the opinion of the

Appeal Board. On an appeal from the Workers' Compensation Appeal Board, this Court will not determine a question which has not been considered by the Commissioner or the Appeal Board. *See, e.g., Billings v. State Compensation Comm'r*, 123 W.Va. 498, 503, 16 S.E.2d 804, 807 (1941). We, therefore, remand the Sluss case to the Commissioner for determination consistent with this opinion. If appropriate under the principles set out in *Fraga v. State Compensation Comm'r*, 125 W.Va. 107, 110–12, 23 S.E.2d 641, 643–44 (1942), as clarified in *Douglas v. State Workmen's Compensation Comm'r*, 152 W.Va. 340, 163 S.E.2d 469 (1968), reference should be made to the Occupational Pneumoconiosis Board.

The order of the Appeal Board in the case of appellant Sluss is reversed and remanded to the Commissioner for reconsideration in light of this opinion. The order of the Appeal Board in the case of appellant Barber is reversed, and the Commissioner's order reinstated.

No. 16457 reversed and remanded.

No. 16458 reversed; Commissioner's order reinstated.