## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**

**February 20, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**NORETTA MOBLEY, WIDOW OF**
**SAMUEL MOBLEY,**
**Claimant Below, Petitioner**

**vs.)   No. 11-0842**  (BOR Appeal No. 2045204)
                            (Claim No. 2008044194)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PITTSTON COAL,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Noretta Mobley, by John Skaggs, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 26, 2011, in which the Board affirmed a September 27, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 19, 2008, decision denying Ms. Mobley's application for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Samuel Mobley worked for various employers as a construction worker. He stopped working in 1989 due to a back injury, and received a permanent total disability award. In 1996, Samuel and Noretta Mobley were married. Mr. Mobley passed away in 2007. Subsequently, Ms. Mobley filed an application for dependent's benefits, alleging that Mr. Mobley suffered from occupational pneumoconiosis. The claims administrator denied Ms. Mobley's application for dependent's benefits on September 19, 2008.

The Office of Judges affirmed the claims administrator's Order and found that the preponderance of the evidence did not establish that Ms. Mobley is entitled to dependent's benefits because the evidence did not demonstrate that Mr. Mobley suffered from occupational pneumoconiosis.

West Virginia Code § 23-4-1(b) (2008) states that in order to be eligible for workers' compensation benefits related to occupational pneumoconiosis, a claimant must have been exposed to the "hazards of occupational pneumoconiosis." In *Meadows v. Workmen's Compensation Com'r,* 157 W.Va. 140, 145, 198 S.E.2d 137, 139 (1973), this Court held that "a 'hazard,' as contemplated by the statute, consists of any condition where it can be demonstrated that there are minute particles of dust in abnormal quantities in the work area." In *Sluss v. Workers' Compensation Com'r,* 174 W.Va. 433, 436, 327 S.E.2d 413, 415 (1985), this Court rejected the proposition that a claimant can demonstrate exposure merely by employment at a dusty location, such as a mine site, and reiterated the holding in *Meadows* that a claimant must demonstrate the presence of a hazard through a showing that "minute particles of dust exist in abnormal quantities in the work area."

In its Order, the Office of Judges held that the evidence did not establish that the dust exposure prerequisite had been met. The Board of Review reached the same reasoned conclusions in its decision of April 26, 2011. Further, in *Bradford v. Workers' Compensation Com'r,* Syl. Pt. 3, 185 W.Va. 434, 408 S.E.2d 13 (1991), this Court held that in order to establish entitlement to dependent's benefits, a claimant must show that an occupational disease or injury "contributed in any material degree to the death." The record lacks evidence relating Mr. Mobley's death to occupational pneumoconiosis in any material degree. Therefore, we agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 20, 2013**

2

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II