# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Samuel Williamson,**
**Claimant Below, Petitioner**

**vs.)      No. 22-0282      (**BOR Appeal No. 2057401)
                            (JCN: 2020014469)

**Kanawha Stone Company, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Samuel Williamson appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Kanawha Stone Company, Inc. filed a timely response.[1] The issue on appeal is the compensability of a claim for occupational pneumoconiosis. The claims administrator rejected the occupational pneumoconiosis claim on a non-medical basis on March 26, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its September 2, 2021, order. The order was affirmed by the Board of Review on March 18, 2022. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Petitioner, a retired laborer, filed an application for occupational pneumoconiosis benefits on August 28, 2019, with a last date of exposure of September 1, 2018. Petitioner worked in the road construction and utility industries for forty years, and he reported that he was exposed to workplace dust during his employment for respondent and various other former employers. Accompanying petitioner's application was a chest x-ray dated July 15, 2019, and read by Kathleen A. DePonte, M.D. Dr. DePonte found that film quality was grade 2 with a notation stating that there was "scapular overlay." Dr. DePonte interpreted the x-ray as revealing parenchymal changes consistent with occupational pneumoconiosis. The Physician's Report of Occupational Pneumoconiosis was completed by Lisa Summers, FNP, of Valley Health Upper Kanawha. Ms. Summers diagnosed petitioner with occupational pneumoconiosis with July 15, 2019, as the date

---

[1]Petitioner is represented by Edwin H. Pancake, and respondent is represented by T. Jonathan Cook. Respondent identifies itself as "MSC Corporation." In its September 2, 2021, order, the Office of Judges found that respondent is known both as Kanawha Stone Company, Inc. and as MSC Corporation. Because the order under appeal identifies respondent as Kanawha Stone Company, Inc., we will utilize that designation in this appeal.

of first treatment, and petitioner reported a chronic cough. However, Ms. Summers wrote "unknown" for how long petitioner had been suffering from occupational pneumoconiosis.

Petitioner completed a dust exposure history form on September 14, 2019. Petitioner was primarily exposed to road dust during his forty-year work history. However, petitioner indicated that he also had exposure to other forms of dust such as blasting dust and dust from electric monitors and PVC pipes. Petitioner stated that in 2010 while working for Bizzack Construction, LLC, he was exposed to "some coal dust," and that at some point during the 1990's while employed by Manifee Milling, he had exposure to "coal dirt."

Petitioner worked for respondent from approximately September 2016 to September 2018. On March 26, 2020, the claims administrator rejected petitioner's claim for occupational pneumoconiosis benefits on a non-medical basis. The claims administrator found that petitioner was not exposed to a dust hazard for a sufficient number of continuous days to charge respondent with the occupational pneumoconiosis claim.[2]

During his September 22, 2020, deposition, petitioner testified that he primarily drove a water truck for respondent during a road construction project. Petitioner's job was to reduce dust at the worksite by watering down the roads. However, petitioner stated that the worksite was very dusty because it was impossible to keep all of the dust down. Petitioner further testified that the water truck he was provided did not have air conditioning, so he had to roll the windows down. Dust would come into the truck cab and collect on the windshield and the dashboard. When petitioner's shift finished, his clothing would be dusty. Petitioner wore a paper mask provided by respondent when he drove the water truck, but petitioner indicated that the mask was of poor quality. At other times during his employment with respondent, petitioner worked as a flagger and on the blasting crew which also exposed him to dust. Petitioner could not recall whether respondent laid him off for a period of time between September 2016 and September 2018. Petitioner testified that prior to working for respondent, he had similar jobs with other employers in the road construction and utility industries, which exposed him to similar amounts of dust.

On June 22, 2021, respondent submitted a May 13, 2021, affidavit from its safety director with exhibits attached. Respondent's records indicate that, except for a Mack water truck and a GMC Autocar, all of the equipment operated by petitioner had air conditioning and enclosed cabs. Respondent also performed dust testing in May 2020 and September 2020 at a road construction project substantially similar to the project on which petitioner worked. The testing for the substantially similar construction project showed that its dust levels were not abnormal.

In its September 2, 2021, order, the Office of Judges affirmed the claims administrator's rejection of the occupational pneumoconiosis claim on a non-medical basis. The Office of Judges

---

[2]In order to file an occupational pneumoconiosis claim, West Virginia Code § 23-4-1(b) requires that an employee be exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure to such hazards, or for any five of fifteen years immediately preceding the date of such last exposure.

found that under *Sluss v. Workers' Compensation Commissioner*, 174 W. Va. 433, 327 S.E.2d 413 (1985), and *Meadows v. Workmen's Compensation Commissioner*, 157 W. Va. 140, 198 S.E.2d 137 (1973), petitioner's history of working around dust did not support a finding that he was exposed to abnormal quantities of dust particles sufficient to hold the occupational pneumoconiosis claim compensable on a non-medical basis. On March 18, 2022, the Board of Review adopted the Office of Judges' findings and affirmed its order upholding the claims administrator's rejection of the claim on a non-medical basis.[3]

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. "Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence." Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016). West Virginia Code § 23-4-1(b) provides that to be eligible for workers' compensation benefits for occupational pneumoconiosis, a claimant must have been exposed to the "hazards of occupational pneumoconiosis." In Syllabus Point 1 of *Meadows*, this Court held that "a 'hazard,' as contemplated by [West Virginia Code § 23-4-1(b)], as amended, exists in any work environment where it can be demonstrated that there are minute particles of dust in abnormal quantities." 157 W. Va. at 140, 198 S.E.2d at 137. Petitioner argues that pursuant to *Meadows*, his deposition testimony and work history established a prima facie basis on which to hold his claim compensable on a non-medical basis and refer him to the Occupational Pneumoconiosis Board for an examination. *See id.* at 144, 198 S.E.2d at 139. However, in *Sluss*, we explained that more is required to be shown than "mere employment status at a mine site or other dusty location" and reiterated that there must be "a showing that minute particles of dust exist in abnormal quantities in the work area." 174 W. Va. at 436, 327 S.E.2d at 415 (citing *Meadows*, 157 W.Va. at 144-45, 198 S.E.2d at 139). The Office of Judges determined that petitioner did not make this showing. The Office of Judges found that petitioner's claim rested on his own uncorroborated testimony without any other evidence supporting his exposure to abnormal quantities of dust, that there was no evidence that he was exposed to abnormal quantities of dust at his prior jobs, and that petitioner was unable to establish that he was actually exposed to a dust hazard for a continuous period of at least two years. Having reviewed the record, we find no error in the decision of the Office of Judges to affirm the claims administrator's rejection of the occupational pneumoconiosis claim on a non-medical basis.

---

[3]The Board of Review corrected certain minor errors in the Office of Judges' decision not relevant to petitioner's appeal.

Affirmed.

**ISSUED: October 19, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn