## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM G. HENRY,**
**Claimant Below, Petitioner**

**v.)  No. 25-ICA-136**                    (JCN: 2024020158)

**CITY OF WHEELING,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner William G. Henry appeals the March 3, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent City of Wheeling ("Wheeling") timely filed a response.[1] The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected Mr. Henry's occupational pneumoconiosis ("OP") claim on a non-medical basis.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 21, 2023, Mr. Henry, a truck driver, presented to the Reynolds Memorial Hospital Emergency Department with sleep disturbance and shortness of breath. Mr. Henry reported that he had shortness of breath since he had COVID-19 several years ago, that he worked in a steel mill for years, and that previous testing for asbestosis was negative. The impression was sleep disturbance and a urinary tract infection.

On September 8, 2023, Mr. Henry presented to Wheeling Hospital Emergency Department with hypertension. Mr. Henry reported constant shortness of breath and indicated that he had worked in a mill for years. It was noted that Mr. Henry had a diffuse expiratory wheeze with a slightly diminished air exchange. The clinical impression was hypertension.

On October 12, 2023, Mr. Henry was seen by Neal Aulick, M.D. Mr. Henry reported that in the last six months, his breathing issues had worsened, and that he had been

---

[1] Mr. Henry is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. Wheeling is represented by Aimee M. Stern, Esq.

hospitalized for COVID-19. Mr. Henry indicated that he had no breathing problems prior to having COVID-19. Dr. Aulick noted that Mr. Henry was a previous pack a day smoker, but that he quit in 1985. Dr. Aulick diagnosed acute respiratory insufficiency. Dr. Aulick concluded that Mr. Henry had an overall pulmonary impairment of 30%. Dr. Aulick opined that based upon Mr. Henry's medical history, twenty-one years of exposure to the hazards of OP, and his clinical evaluation, Mr. Henry had a 25% impairment due to OP.

On November 17, 2023, Mr. Henry was seen by Madison Yocke, PA-C, at Advanced Family Practice. Mr. Henry presented with hyperlipidemia, hypertension, and diabetes. Mr. Henry reported that he was diagnosed with silicosis by the black lung clinic. The assessment was chronic obstructive pulmonary disease with (acute) exacerbation; hypertensive heart disease with heart failure; obstructive sleep apnea syndrome; vitamin B12 deficiency; type 2 diabetes with diabetic chronic kidney disease; benign essential hypertension; chronic kidney disease, stage 3b; and pneumoconiosis due to other dust containing silica.

Mr. Henry completed an Employees' Report of OP dated December 12, 2023. Mr. Henry indicated that his last date of exposure to OP was September 1, 2017. Mr. Henry reported that he was exposed to the hazards of OP while working in the state of West Virginia for forty years. He listed his previous employers as the City of Wheeling from 1998-2017; W.A. Wilson Auto Glass from 1993-1998; and Blaw-Knox Foundry from 1972-1993.

On April 27, 2024, the claim administrator issued an order rejecting Mr. Henry's claim for OP on the basis that he was not exposed to the hazards of OP during the course of his employment with Wheeling as a truck driver. Mr. Henry protested this order to the Board.

Mr. Henry was deposed regarding his claim on June 25, 2024, and testified that he was employed by Wheeling as a dump truck driver. Mr. Henry indicated that he was exposed to dust from loading and driving the truck that would spread limestone on top of the oil that was spread on the street by oil trucks that he followed. Mr. Henry also stated that he was exposed to dust from working with the street sweeper daily except for the months of January and February. Further, Mr. Henry testified that he was exposed to salt dust during the months of January and February from unloading salt from the truck and cleaning out the hopper. Mr. Henry stated that prior to working for Wheeling, he worked for W.A. Wilson Auto Glass from 1993 to 1998 and for Blaw-Knox Foundry from 1972 to 1993.

On March 3, 2025, the Board issued an order affirming the claim administrator's order, which rejected the claim on a nonmedical basis. It is from this order that Mr. Henry now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Henry argues that the Board was clearly wrong in affirming the claim administrator's order rejecting the claim because he developed OP as a result of his extensive occupational exposure to road dust, salt dust, limestone dust, and other fine particulates. Further, Mr. Henry asserts that his testimony regarding his extensive exposure to abnormal levels of minute particles of dust establishes that he was exposed in sufficient quantities to meet the statutory presumption for OP. Finally, Mr. Henry argues that the only medical evidence of record contains diagnoses of OP, and that the resolution most consistent with his position should have been adopted pursuant to West Virginia Code § 23-4-1g(a).

West Virginia Code § 23-4-1(b)[2] states that in order to be eligible for workers' compensation benefits related to OP, a claimant must have been exposed to the "hazards

---

[2] West Virginia Code § 23-4-1(b) states, in part:

Provided, that compensation is not payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the 10 years immediately preceding the date of his or her last exposure to such

of occupational pneumoconiosis." In *Meadows v. Workmen's Compensation Commissioner*, 157 W. Va. 140, 145, 198 S.E.2d 137, 139 (1973), the Supreme Court of Appeals of West Virginia ("SCAWV") held that "a 'hazard,' as contemplated by the statute, consists of any condition where it can be demonstrated that there are minute particles of dust in abnormal quantities in the work area." In *Sluss v. Workers' Compensation Commissioner*, 174 W. Va. 433, 436, 327 S.E.2d 413, 415 (1985), the SCAWV rejected the proposition that a claimant can demonstrate exposure merely by employment at a dusty location, such as a mine site, and reiterated the holding in Meadows that a claimant must demonstrate the presence of a hazard through a showing that "minute particles of dust exist in abnormal quantities in the work area." *See Fletcher v. W. Va. Off. Ins. Comm'r*, No. 11-0404, 2012 WL 5471438, at *1 (W. Va. Oct. 31, 2012) (memorandum decision).

Here, the Board found that Mr. Henry's testimony does not establish that he was exposed to abnormal quantities of dust during the course of his employment with Wheeling. The Board noted that Mr. Henry testified that he was exposed to dust while loading and driving a dump truck and that he was exposed to salt from unloading the truck and cleaning out the hopper. The Board cited to *Fletcher*, No. 11-0404, 2012 WL 5471438, at *1, and concluded that Mr. Henry's testimony does not establish that he was exposed to abnormal quantities of dust during his employment with Wheeling. Ultimately, the Board found that Mr. Henry failed to establish that he had the requisite exposure to the hazards of OP pursuant to West Virginia Code § 23-4-1(b) during his employment with Wheeling.

Further, we find no merit in Mr. Henry's argument that his position should have been adopted pursuant to West Virginia Code § 23-4-1g(a).[3] Here, the Board did not find that an equal amount of evidentiary weight existed for the claimant and the employer. Instead, the Board found that Mr. Henry failed to establish that he was exposed to abnormal quantities of dust during his employment with Wheeling.

Upon review, we find that the Board was not clearly wrong in affirming the claim administrator's order, which rejected the claim on a nonmedical basis. As set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and

---

hazards, or for any five of the 15 years immediately preceding the date of his or her last exposure.

[3] West Virginia Code § 23-4-1g(a), provides in part:

If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we are unable to conclude that the Board was clearly wrong in finding that Mr. Henry did not demonstrate that he was exposed to the hazards of OP in the course of and as a result of his employment with Wheeling, as required by West Virginia Code § 23-4-1(b).

Accordingly, we affirm the Board's March 3, 2025, order.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5