IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

STEVE HYPES,
**Claimant Below, Petitioner**

**FILED**
**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-159**          (JCN: 2023022639)

**QUANTA SERVICES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steve Hypes appeals the March 27, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Quanta Services ("Quanta") filed a response.[1] Mr. Hypes did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hypes filed an Employees' Report of OP dated April 26, 2022, alleging 25 years of occupational exposure to the hazards of occupational pneumoconiosis ("OP"). Mr. Hypes indicated that he was last exposed to minute particles of dust on August 10, 2021. Mr. Hypes alleges the following occupational exposure history: 1) He was exposed to an occupational dust hazard while working as a teamster for Price Gregory from March 2018 through August 2021; 2) he was exposed to an occupational dust hazard while working as a driver and laborer for Halls Drilling from October 2012 to December 2017; 3) he was exposed to an occupational dust hazard while working as a millwright for Enron from June 2008 through July 2011; 4) he was exposed to an occupational dust hazard while working as a maintenance worker for Kobe Copper from March 1996 through February 1998; 5) he was exposed to an occupational dust hazard while working as a millwright for Powell Construction Company from February 1994 through November 1995; and 6) he was exposed to an occupational dust hazard while working as a millwright for Long Airdox from November 1992 through January 1994.

---

[1] Mr. Hypes is represented by Reginald D. Henry, Esq. Quanta is represented by James S. Maloney, Esq.

Afzal Ahmed, M.D., completed a Chest Radiograph Classification form and chest x-ray report dated April 29, 2022. The Chest Radiograph Classification form indicates that Mr. Hypes's chest x-ray revealed no evidence of classifiable parenchymal or pleural abnormalities. Dr. Ahmed noted in his x-ray narrative report that Mr. Hypes had 10 years of coal mining work with exposure to asbestos, welding dust, and melting copper. He further noted that Mr. Hypes was a 40-year smoker. Dr. Ahmed interpreted Mr. Hypes's chest x-ray as showing the following findings: 1) a focal opacity in the right upper lung requiring further evaluation by CT scan; 2) underlying emphysema and obscuration of the left heart border; 3) blunting of the left costophrenic angle and an overlapping density overlying the anterior aspect of the left 5th rib; and 4) possible asbestos exposure findings that could be further evaluated with a chest CT scan.

A CT scan of Mr. Hypes' chest performed on June 17, 2022, revealed severe apical pleural thickening/subpleural blebs and extensive emphysematous changes. A pulmonary function study was performed at the New River Breathing Center on June 29, 2022. Spirometry revealed no abnormalities, while diffusion testing revealed a severe reduction in diffusion capacity.

On July 25, 2022, a Physician's Report of OP was completed by Richard Spencer, M.D. Mr. Hypes' symptoms included shortness of breath with exertion and a daily productive cough. A physical examination revealed diminished breath sounds in all fields bilaterally. Mr. Hypes reported exposure to welding dust, chemicals, copper, and steel. Dr. Spencer provided a diagnosis of dyspnea with occupational dust and smoke exposure. He further indicated that Mr. Hypes had contracted OP and that his capacity for work had been impaired by OP.

On May 19, 2023, the claim administrator issued an order rejecting the claim on a non-medical basis based upon a finding that Mr. Hypes did not have sufficient exposure to the hazards of OP during his employment. Mr. Hypes protested this order.

Mr. Hypes was deposed on April 15, 2024, and he testified that he worked for Quanta as a truck driver off and on from 2018 through 2024, and that much of his driving took place on concrete and dirt roads. Mr. Hypes answered affirmatively when asked if his job duties with Quanta, which included hauling, loading, and unloading equipment, exposed him to harmful dust. Mr. Hypes testified that he was exposed to dust while working as a truck driver for Quanta from traveling dirt roads and from being near or around welding, pipeline digging, and the operation of heavy equipment. Mr. Hypes stated that he did not perform any actual surface mining, welding, or digging while working for Quanta. Mr. Hypes testified that he worked as a truck driver for Hall's Drilling from October 2012 through December 2017, and his job duties involved hauling, loading, and unloading frack water from wells to treatment centers. Mr. Hypes alleged that he was exposed to road dust while driving with the windows down. Mr. Hypes also alleged

2

exposure to dust while working near or around drill rigs, vehicle traffic, and heavy equipment. He alleged that from July 2001 through October 2012, he worked as a millwright for various employers where he was exposed to dust while tearing out old equipment in factories and installing new equipment. Although Mr. Hypes had never worked in an underground coal mine, he alleged that he had performed work as a truck driver on and around surface mines. Mr. Hypes answered affirmatively when asked if he was exposed to harmful dust in all of his previous jobs. Mr. Hypes indicated that he had shortness of breath for the past 10 years, and that he has been smoking a pack-a-day to a couple of cigarettes a day since he was 20 or 25 years old.

In an affidavit from Mr. Hypes dated January 14, 2025, he stated that he was last exposed to an occupational dust hazard for at least sixty consecutive days while working for Quanta. Mr. Hypes further stated that, with the exception of his employment at 10 Roads, he was exposed to an occupational dust hazard on a daily basis from November 1992 through February 17, 2024. Mr. Hypes alleges that he was exposed to an occupational dust hazard for not less than 10 years during the 15 years immediately preceding the date of last exposure.

On March 27, 2025, the Board affirmed the claim administrator's order rejecting the claim on a non-medical basis. The Board found that Mr. Hypes failed to establish that he had sufficient exposure to the hazards of OP. Mr. Hypes now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Mr. Hypes argues that the Board incorrectly found that his testimony regarding exposure was vague, when he clearly testified how he was exposed to dust every day. Further, Mr. Hypes argues that he offered evidence and a work history that should have been given the presumption per West Virginia Code § 23-4-1(b) (2024).[2] We disagree.

In *Sluss v. Workers' Comp. Comm'r*, 174 W. Va. 433, 436, 327 S.E.2d 413, 415 (1985), the SCAWV rejected the proposition that a claimant can demonstrate exposure merely by employment at a dusty location and found that a claimant must demonstrate the presence of a hazard through a showing that "minute particles of dust exist in abnormal quantities in the work area."

Here, the Board found that Mr. Hypes failed to establish that he was exposed to abnormal quantities of dust. Further, the Board found that:

> [t]he record establishes that the claimant has never worked as a coal miner either under or above ground, and the claimant does not allege exposure to coal dust. The frequency and intensity/severity of the claimant's occupational dust exposure is not clearly established in the record, and with the exception of road dust, the types of occupational dust the claimant was allegedly exposed to during his employment as a truck driver and millwright is not clear. In that regard, the claimant's testimony regarding his alleged occupational dust exposure is vague and dubious.

The Board cited *Fletcher v. W. Va. Off. of Ins. Comm'r*, No. 11-0404, 2012 WL 5471438, at *1 (W. Va. Oct. 31, 2012), in which the SCAWV agreed with the Board that a portion of the claimant's work history, involving work in an office environment at mining companies, did not expose him to the requisite minute particles of dust in abnormal quantities and did not satisfy the dust exposure requirements needed to support a claim for OP. The Board noted that Mr. Hypes' testimony is similar to that of the claimant in *Fletcher* and found that Mr. Hypes' testimony does not establish that he was exposed to abnormal quantities of dust. *See also Meadows*.

---

[2] The presumption referenced by Mr. Hypes is West Virginia Code § 23-4-8c(b) (2009) rather than 23-4-1(b). In Syl. Pt. 2, *Meadows v. Workmen's Comp. Comm'r*, 157 W. Va. 140, 198 S.E.2d 137 (1973) the Supreme Court of Appeals of West Virginia ("SCAWV") indicated that a claimant must establish sufficient exposure to a dust hazard before this presumption can apply.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Hypes failed to establish sufficient exposure to the hazards of OP. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order.

Accordingly, we affirm the Board's March 27, 2025, order.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White