# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JOSEPH KESSLER,**
**Claimant Below, Petitioner**

**FILED**
**February 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-275**          (JCN: 2024027585)

**WEST VIRGINIA PAVING, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Joseph Kessler appeals the June 9, 2025, order of the Workers' Compensation Board of Review ("Board"), which affirmed the claim administrator's order and found Mr. Kessler failed to establish he was exposed to the hazards of occupational pneumoconiosis ("OP") during the course of and resulting from his employment. Respondent West Virginia Paving, Inc. ("West Virginia Paving") filed a response.[1] Mr. Kessler did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On June 24, 2024, Mr. Kessler filed a claim for OP benefits. In his application, Mr. Kessler stated he was exposed to occupational dust hazards during his employment as a section boss in a coal mine for Carbon Fuel from 1975 to 1982, as a miner operator in a coal mine for Terry Coal from 1986 to 1987, as a motor man in a coal mine for Gauley Mine Services from 2001 to 2002, and as a rock quarry truck driver for Appalachian Aggregates, the parent company for West Virginia Paving, from 2013 until 2022. On June 25, 2024, Mr. Kessler underwent a pulmonary function study at New River Health. A pre-bronchodilator spirometry was performed and showed severe obstruction and mild restriction, and the post-bronchodilator showed significant improvement with moderate obstruction. Testing also showed that his diffusion capacity was mildly reduced. On July 26, 2024, Kathleen A. DePonte, M.D., a B reader, interpreted a chest x-ray performed on Mr. Kessler and found no parenchymal or pleural abnormalities consistent with OP.

---

[1] Mr. Kessler is represented by Reginald D. Henry, Esq. West Virginia Paving is represented by Alysia Kozlowski, Esq.

1

A Physician's Report of OP was signed by Angela Barker, PA-C, on August 5, 2024, and by Richard Spencer, M.D., on August 22, 2024. In the report, Dr. Spencer noted Mr. Kessler reported shortness of breath with exertion and a cough throughout the day. He further opined that Mr. Kessler had contracted OP and that his capacity for work was impaired due to the OP.

On October 17, 2024, West Virginia Paving submitted an Employer's Report of OP which stated Mr. Kessler was employed as a delivery dump truck driver from January 1, 2016, until August 17, 2022; that Mr. Kessler had limited exposure to dust because he did not work in the quarry; that dust levels never tested at harmful levels; and that Mr. Kessler was not exposed to harmful levels of dust for 60 continuous days during his employment. On that same date, the claim administrator denied Mr. Kessler's application for OP benefits based on the finding that he did not satisfy the exposure requirements of West Virginia Code § 23-4-15(b) (2010).

On December 18, 2024, Mr. Kessler was deposed and testified that his job activities while he was employed by West Virginia Paving involved picking up loads of rock, sand, riprap, and other materials from a mine quarry and delivering the product to customers. He stated he worked 10-hour shifts, five days a week, and would begin each day by driving the truck to the quarry, which was located down a mile and a half long gravel and rock road, to pick up a load of product. He stated the loading process lasted approximately five to ten minutes and involved a loader dropping product into the truck bed, which produced dust. He stated he remained in the cab for the entirety of the loading process and testified that he would typically keep his truck windows up during the winter months and the windows down during the summer months. He stated he would sometimes have to wait in line for approximately thirty minutes while other trucks picked up loads at the quarry.

Once his truck was loaded, Mr. Kessler testified that he delivered the product to customers, which included coal mines, mom and pop stores, and individual households. He stated that the coal mine deliveries typically involved driving on dusty roads. He also stayed in the cab of the truck during the delivery process, which included dumping the product at the site, and stated this process lasted approximately five minutes and generated a lot of dust. When he completed a delivery, he would drive back to the quarry and pick up another load. Mr. Kessler stated he was exposed to abnormal quantities of rock dust on a daily basis while working for West Virginia Paving and testified that he would blow his nose after his shift and dust would come out. He also testified that he had to clean the inside of his truck's cab every day due to the dust build-up. Mr. Kessler further testified that he was exposed to rock and coal dust daily during his prior employment as an underground section boss for Carbon Fuel from 1975 to 1982, as an underground miner operator for Terry Coal from 1986 to 1987, and as a motor man with Gauley Mine Services from 2001 to 2002.

On June 9, 2025, the Board entered an order which affirmed the claim administrator's order and found Mr. Kessler failed to establish by a preponderance of evidence that he was exposed to abnormal quantities of dust during the course of and resulting from his employment. It is from this order that Mr. Kessler now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Kessler asserts one assignment of error and argues the Board was clearly wrong when it found Mr. Kessler did not prove to a preponderance of the evidence that he was exposed to the hazardous occupational dust during his employment with West Virginia Paving. West Virginia Code § 23-4-1(b) (2024)[2] states that in order to be eligible

---

[2] West Virginia Code § 23-4-1(b) states, in part:

Provided, that compensation is not payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the 10 years immediately preceding the date of his or her last exposure to such hazards, or for any five of the 15 years immediately preceding the date of his or her last exposure.

for workers' compensation benefits related to OP, a claimant must have been exposed to the "hazards of occupational pneumoconiosis." In *Meadows v. Workmen's Comp. Comm'r*, 157 W. Va. 140, 145, 198 S.E.2d 137, 139 (1973), the Supreme Court of Appeals of West Virginia ("SCAWV") held that "a 'hazard' as contemplated by the statute, consists of any condition where it can be demonstrated that there are minute particles of dust in abnormal quantities in the work area." In *Sluss v. Workers' Comp. Comm'r*, 174 W. Va. 433, 436, 327 S.E.2d 413, 415 (1985), the SCAWV rejected the proposition that a claimant can demonstrate exposure merely by employment at a dusty location, such as a mine site, and reiterated the holding in *Meadows* which stated that a claimant must demonstrate the presence of a hazard through a showing that "minute particles of dust exist in abnormal quantities in the work area." *See also Fletcher v. W. Va. Off. of Ins. Comm'r*, No. 11-0404, 2012 WL 5471438 (W. Va. Oct. 31, 2012) (memorandum decision).

In this case, the Board found Mr. Kessler failed to meet the standards established in *Meadows*, *Sluss*, and *Fletcher* because he experienced only occasional and brief periods of dust exposure during his work. The Board referenced Mr. Kessler's testimony where he stated he remained in an enclosed truck cab during the entirety of the loading and unloading process, that these processes took only five to ten minutes, and took place in an open-air environment. The Board also relied on Mr. Kessler's testimony, wherein he stated that most of his driving occurred on public roads. The Board then determined that he failed to establish occupational exposure to abnormal quantities of dust.[3] As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong when it found that Mr. Kessler was not exposed to hazardous dust levels while working for West Virginia Paving.

---

[3] The Board's order implies that it found Mr. Kessler's testimony not credible regarding his exposure to hazardous dust levels. While we affirm the order, we also remind the Board that it should make its credibility findings clear in future orders. *See* W. Va. Code § 23-4-1g(a) (2003), which provides that the "resolution of any issue raised in administering this chapter shall be based on a weighing of all evidence pertaining to the issue" and that "[t]he process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented." *See also Workman v. ACNR Res., Inc.*, 251 W. Va. 796, 801 n.7, 916 S.E.2d 638, 643 n.7 (2025) (citing *Gwinn v. JP Morgan Chase*, No. 23-172, 2024 WL 4767011 (W. Va. Nov. 13, 2024) (memorandum decision)) (noting that the failure to complete a proper analysis "raises due process concerns because parties to an adjudicatory proceeding are entitled to a well-reasoned decision.")

Accordingly, we affirm the Board's June 9, 2025, order.

Affirmed.

**ISSUED:** February 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White